GERALD C. NICHOL, District Attorney, Dane County
You have asked my opinion whether a juvenile court has the discretionary power to exclude the district attorney in juvenile proceedings.
Your question must be answered affirmatively. It is well established that juvenile proceedings are in the nature of a judicial investigation without adversary parties in the sense of an ordinary lawsuit. In reAronsen (1953), 263 Wis. 604, 58 N.W.2d 553. The procedure to be followed at a hearing is determined by the juvenile court judge. It may be as formal or informal as he considers desirable. Only such persons may be admitted to a hearing as the court shall find to have a direct interest in the case or in the work of the court. Sec. 48.25 (1), Stats.
Section 59.47 (11), Stats., imposes a duty upon the district attorney to "perform any duties in connection with juvenile court proceedings as the juvenile court judge may request." Section 48.04 (3), Stats., requires that "the district attorney shall perform any duties in connection with court proceedings as the judge may request."
In 1929, one of my predecessors indicated that it was not the duty of the district attorney to appear in juvenile cases unless requested to do so by the juvenile court. In contemplation of the children's code, these proceedings are not supposed to be of a criminal nature. The presence of the district attorney would give the appearance or impression of a criminal prosecution. 18 OAG 573.
Based on the foregoing, it seems fairly clear to me that the juvenile court has the discretion to admit or exclude the presence of the district attorney in juvenile proceedings.
RWW:WLJ *Page 450